NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMON J. CLAIBORNE,<br><br>              Plaintiff-Appellant,<br><br>   v.<br><br>RYAN D. MCCARTHY, Acting Secretary of the Army,<br><br>              Defendant-Appellee. | No.   18-36023<br><br>D.C. No. 3:15-cv-01192-BR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submission Withdrawn December 11, 2019
Resubmitted March 12, 2020
Seattle, Washington

Before:  GRABER and GOULD, Circuit Judges, and EZRA,[**] District Judge.

Plaintiff Damon J. Claiborne appeals the district court's grant of summary

judgment in favor of the Secretary of the Army.  The district court upheld the

Army's administrative determination to involuntarily separate Plaintiff just months

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

before he qualified for retirement benefits.  On de novo review, <u>Garris v. FBI</u>, 937 F.3d 1284, 1291 (9th Cir. 2019), we affirm.

1. The decision by the Army to discharge Plaintiff was not illegally retroactive.  Plaintiff could have been discharged under preexisting regulations promulgated by the Army, such as Army Regulation 635-200, because those regulations allow the Army to change its mind about separation decisions.  Furthermore, a dismissal from the Army is not a criminal penalty, so double jeopardy principles are not at issue.

2. Plaintiff waived the argument that the new rule was facially void, as distinct from whether the new rule was being applied retroactively in an improper way.  Plaintiff conceded the issue below, and the district court relied on that concession.  The district court ruled that Plaintiff abandoned his claim that Army Directive 2013-21 and ALARACT should be invalidated under the APA.  The court did not err in concluding that this argument was waived.

3. The Army discharged Plaintiff for his conviction of child molestation, not for a generalized "proclivity" for sexual misbehavior.  The Army Board for Correction of Military Records used the word "proclivity" once in its decision, but a single appearance of that word did not change the clear basis of the Army's decision.  Furthermore, the Army's real ground for discharging Plaintiff (his felony

2

conviction) was supported by substantial evidence.

**AFFIRMED.**